## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**DANNY LEE GREEN**                                                     **PETITIONER**
**Reg # 10822-064**

**VS.**                              **CASE NO.: 2:10CV00130 BSM/BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                             **RESPONDENT**

### <u>RECOMMENDED DISPOSITION</u>

**I**.     <u>**Procedure for Filing Objections:**</u>

      The following Recommended Disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of this Recommended Disposition.  A copy will be furnished to

the opposing party.   Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

      Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.   **Background**:

In June, 1989, Petitioner was serving a thirty-five year state sentence in Oklahoma when the United States District Court for the Western District of Oklahoma returned a federal indictment against him for violations of federal narcotics laws.  On August 14, 1989, Petitioner pled guilty to the federal charges and was sentenced to two prison terms of twenty years and seven prison terms of thirty years.  *United States v. Green*, 991 F.2d 806, 1993 WL 118841 at **1 (10th Cir. April 15, 1993).

On July 30, 1991, Petitioner filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255 with the District Court.  *Id*.  The motion was referred to a magistrate judge who filed a report and recommendation finding that two of Petitioner's claims had been decided on direct appeal and the third was without merit.  *Id*. Petitioner did not object to the magistrate judge's report and recommendation, and it was adopted as the District Court's final order.  *Id*.  Petitioner appealed, and the Tenth Circuit Court of Appeals held that Petitioner had waived his right to appeal by failing to object to the magistrate judge's report.  *Id*. at **2.

Next, Petitioner filed an application to reopen his sentencing proceedings, which the United States District Court for the Western District of Oklahoma transferred to the Tenth Circuit Court of Appeals as a second or successive 28 U.S.C. § 2255 petition. *United States v. Brown, et al.*, Case No. 5:89CR00103 (W.D.Okla. filed May 19, 1989). On September 26, 2001, the Tenth Circuit denied Petitioner leave to file a second or successive petition under 28 U.S.C. § 2255.  *Id*.

2

On August 30, 2002, Petitioner filed a motion to correct sentence, which the United States District Court for the Western District of Oklahoma denied.  Petitioner appealed, and the Tenth Circuit dismissed the appeal as untimely.  Petitioner then filed two separate motions for modification of sentence on August 15, 2005, and September 8, 2006.  The District Court denied both of those motions.

Undeterred, Petitioner filed another pleading, this time under Rule 60(b)(4), on March 28, 2007.  The District Court transferred the motion to the Tenth Circuit Court of Appeals as a successive motion.  On May 29, 2007, Petitioner filed a motion to alter or amend judgment under Rule 60(b)(4).  The District Court also transferred this motion to the Tenth Circuit as a successive petition.

Petitioner was transferred to the Federal Correctional Complex in Forrest City, Arkansas on November 13, 2007.  On August 4, 2008, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United Stated District Court for the Eastern District of Arkansas.  The District Court dismissed the petition as successive and because Petitioner filed it under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255.  *Green v. Outlaw*, Case No. 2:08CV00150 (E.D.Ark. dismissed Nov. 3, 2008).

Since the dismissal of the 2007 § 2241 petition, Petitioner has filed a motion to modify and a motion to dismiss indictment with the United States District Court for the Western District of Oklahoma.  The District Court denied both of those motions.

On September 10, 2010, Petitioner filed the current petition for writ of habeas corpus under 28 U.S.C. § 2241 (docket entry #1), along with an application for leave to

3

proceed *in forma pauperis* (#2) and a motion for order (#3).  For the reasons that follow, the Court recommends that the District Court DENY and DISMISS the petition without prejudice and deny the application for leave to proceed *in forma pauperis* and motion for order as moot.

### III.  <u>Jurisdiction</u>:

In the petition, Petitioner claims that he has been falsely imprisoned for the last twenty-one years as a slave (#1, p. 4-5).  He argues that the government failed to prove subject matter jurisdiction and violated 18 U.S.C. § 1623.  Although Petitioner asks for money damages, this case was properly docketed as a petition for writ of habeas corpus because Petitioner is contesting the validity to his conviction and sentence.  It is clear, however, that the petition must be brought before the trial court under 28 U.S.C. § 2255.

Inmates contesting the lawfulness of their federal convictions and sentences must generally bring a motion in the sentencing court to vacate, set aside or correct their sentence, under 28 U.S.C. § 2255.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005).  Because a § 2255 petition attacks the validity of a conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is

4

within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. However, a petition for habeas corpus relief under § 2241, "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

In this case, Petitioner argues that there was a conspiracy to convict him despite an alleged lack of jurisdiction (#1, p. 4). Petitioner also claims that Respondent created inaccurate records in order to continue his unlawful incarceration (#1, p. 5). Essentially, Petitioner claims he should not have been convicted or sentenced. Petitioner's claims clearly challenge the validity of his conviction and sentence and, therefore, should have been brought in the Western District of Oklahoma where he was convicted and sentenced, or to the appropriate Court of Appeals – in this case, the Court of Appeals for the Tenth Circuit.

Petitioner's direct appeal of his conviction was unsuccessful; his first § 2255 motion was denied; and his appeal of that denial was unsuccessful. *United States v. Green*, 1993 WL 118841 at **1-**2. His subsequent attempts to obtain relief from the sentencing court have been rejected. This Court also dismissed Petitioner's previous § 2241 petition. Because the sentencing court has already denied Petitioner relief, this

Court cannot entertain this § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

To take advantage of the savings clause, a petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court under 28 U.S.C. § 2255. *Abdullah*, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied because petitioner was denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id*.

In this case, Petitioner has had numerous opportunities since 1989 to raise his current claims. Under the circumstances, Petitioner has not demonstrated the inadequacy or ineffectiveness of seeking relief under 28 U.S.C. § 2255. See *Abdullah*, 392 F.3d at 960 (holding § 2255 relief was adequate when petitioner had an unobstructed procedural opportunity to raise his claim). Accordingly, the Court cannot entertain his petition under 28 U.S.C. § 2241.

**IV.**  **Conclusion:**

Because the Court lacks subject matter jurisdiction over Petitioner's 28 U.S.C.

§ 2241 petition for writ of habeas corpus, this Court recommends that the District Court

DISMISS Petitioner's petition without prejudice and deny Petitioner's motion for leave to

proceed *in forma pauperis* (#2) and motion for order (#3) as moot.

IT IS SO ORDERED this 22nd day of September, 2010.

_____

UNITED STATES MAGISTRATE JUDGE